SCHWARTZ v. GEHRING ET AL.

WORD " USE " CREATES LIFE ESTATE, AND LEGATEE MAY DEVISE ACCUMULATIONS.

The use in a will of the words, "I give, devise and bequeath to my wife, the use of all my real and personal property which I may own at the time of my death, to be used by her during her natural life-time," creates a life estate in such wife, and the income or accumulation arising therefrom will pass by her will to the legatees.

Appeal from the Court of Common Pleas of Cuyahoga county.

CALDWELL, J.

This action is brought for the construction of a will, and the point is in the first item:

John Gehring, of Brooklyn, Cuyahoga county, Ohio, makes his will, and in the first item he says: "I give, devise and bequeath to my wife, Charlotte Gehring, the use of all my real and personal property which I may own at the time of my death, to be used by her during her natural life-time " Neither he nor his wife had any children. They were about sixty years old. He devised one-half of the property, after the death of his wife, to his relatives, and one half to her relatives. He says: "I give, devise and bequeath, after the death of my wife, to"—naming them—"one-sixteenth of all of my said real and personal estate to be equally divided between said John, Elizabeth, Barbara, etc."—using the same language and referring to the said estate, the same estate he gave to his wife.

It is contended in this case that the testator meant to say that, "I give, devise and bequeath to my wife, Charlotte Gehring, the use of all my real estate, to be used by her during her natural life-time;" that he meant to say by that, "you can take this and use it, and use of it what you need; that is, use of the income of it what

you need, and what is left of this income, together with the body of the estate, shall go under this will."

Charlotte, the wife, took the estate and used it, and accumulated an income of about $8,000, and made a will devising it. It is said now that she had no power to devise this income, which she saved out of this estate while she survived her husband, and it must all go under his will with the *corpus;* and that is the question in this case. It is claimed that giving the use of a thing is not giving a life estate in the property itself; that it is a less term than a life estate; that it simply means, you can use it, but you cannot reap any benefit from it any further than the use.

On the other side, it is contended that the use, in a will of this kind, means the same thing as though a life estate had been given. It is not contended but that if the widow took a life estate in this property, that these $8,000 properly goes under her will to the legatees. It is claimed that, from some circumstances stated here, there is an implication to arise that he meant that everything he and his wife had was to go equally between his heirs and her heirs; but there is nothing in this petition, which is taken as true, or in the argument before us, that will indicate that. So it depends largely upon what is meant by this word "use."

Without going into any extensive discussion of the matter we will simply say that we find this word "use," especially in the English works, and in a great many of the English decisions upon wills, to be synonymous with life estate.

In our own state we find a great many decisions in which the term has been construed. In 40 Howard, 269, there is a case where the testator, by his will, gave to his wife the use, during her natural life, of all his real and personal estate. Then it goes on: "I give and devise unto my daughter Catherine, the wife of, etc., and their heirs, all my real estate and personal property." The court held in that case that the will gave to the wife the use, during her natural life, of all his personal estate, the draughtsman employing apt words in framing the devise to create a life estate. The decision goes on further to show that it was the intention under that will to give a life estate in all the property, and a life estate always carries whatever profits arise out of the property, regardless of whether it is used or not by the person who has it.

In 11 Pickering, 252, it was held: "A testator bequeathed to the plaintiff the use of $300 during her natural life, and, after divers legacies to other persons, he gives as follows: In addition to the foregoing bequest (made to the plaintiff), I give and bequeath to her a handsome support during her natural life, to be furnished by my executors, and the expenses thereof to be paid out of my estate by my said executors." She sued for this legacy of $300, and the court held that by the word "use" she got a right to the interest that arose on the $300 during her life, the entire income from it.

In the 13 Metcalf, 546, it was decided: "A testator, by one clause in his will, gave to his wife the use of all his property, real and personal, except $100, as long as she should remain his widow; and in the next clause, he declared his will to be, that all his property, which remains, after the death of his wife, or after she should cease to be his widow, should be divided equally among his children."

In that case he did not say "said property"—that he again devised what he had given to his wife—but it was all the property that she did not use; and there is no question but that she had not power to use any part of the *corpus* of the estate under this will, because he gave to his wife the use of all his property, real and personal, except $100, as long as she should remain his widow. Now in this case the court say:

"This case depends upon the construction to be given to the last will and testament of Leonard Sawyer, by which he gave and bequeathed to his wife the use of all his estate, both real and personal, as long as she should remain his widow, excepting $100. By a subsequent clause in the will, he gave all his estate, which should remain after the death of his wife, or after she should cease to be his widow, to his children. Under these clauses of the will, the plaintiff claims of the executor the balance of his account as settled and allowed in the probate office.

"It is contended for the plaintiff, that the widow took an estate for life in the real and personal estate, and that she is entitled to the use and possession of both, during her life, or until she shall cease to be the widow of the testator. This may be admitted as to the real estate, and also as to the personal estate, excepting the money in the hands of the executor; but as to that, we think, the executor is to be considered as a trustee, by a plain implication in the will, to hold the principal, during his wife's life or widowhood, for the children; and that she is only entitled to the interest. It was manifestly the intention of the testator to give his wife the income of his estate only."

We can see no other proper construction, unless we deviate from the common use of this word "use," than to say that this $8,000 belonged to the widow, and she had a right to will it away, and decree will be accordingly.